## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BRANDY NIPPER,                           )
                                         )
               Plaintiff,     )
vs.                                      )          NO.  CIV-11-0760-HE
                                         )
HAC, INC., an Oklahoma corporation,      )
                                         )
               Defendant.     )

## ORDER

This case is a "slip and fall" case in which plaintiff alleges she was injured by slipping on water on the floor of defendant's store. Defendant has moved for summary judgment, arguing there is no evidence that it had notice of any dangerous condition or that it was otherwise negligent. The motion is at issue.[1]

Although both parties suggest otherwise, this motion is governed by the standards of Fed.R.Civ.P. 56.[2] In evaluating the motion, the court views all facts and evidence in the light most favorable to the party opposing summary judgment. Grynberg v. Total, S.A., 538 F.3d 1336, 1346 (10th Cir. 2008). "[S]ummary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Morris v. City of Colo. Springs, 666 F.3d 654, 660 (10th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)).

---

[1] *Defendant has filed a reply brief [Doc. #59] which, though not timely filed, the court has considered.*

[2] *Federal law is the source of the operative summary judgment standard, even when addressing a state-law claim.  See Milne v. USA Cycling, Inc., 575 F.3d 1120, 1129 (10th Cir. 2009).*

Applying these standards to the parties' submissions, the court concludes defendant's motion should be denied. Under Oklahoma law, a storekeeper owes a business invitee a duty to use ordinary care to keep its premises in a reasonably safe condition. Brown v. Nicholson, 935 P.2d 319, 322 (Okla. 1997).[3] Knowledge of a dangerous condition, such as to be a basis for finding a breach of the duty, will be imputed to the storekeeper "if he knew of the dangerous condition, or if it existed for such time it was his duty to know of it, or if the condition was created by him, or by his employees acting within the scope of their employment." Williams v. Safeway Stores, Inc., 515 P.2d 223, 225 (Okla. 1973). Although plaintiff's evidence of negligence on the part of defendant is thin and borders on speculation in certain respects, the court concludes she has presented sufficient evidence to create a justiciable question as to whether defendant was negligent. There is evidence that a dangerous condition existed. Further, there is circumstantial evidence, admittedly thin, from which a jury could conceivably conclude that the water on the floor was the result of spillage by defendant's employee. Taking the evidence in the light most favorable to plaintiff, the non-moving party, the court concludes a justiciable question exists.

Accordingly, defendant's motion for summary judgment [Doc. #47] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of October, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] *Defendant does not take issue with plaintiff's assertion that she was a business invitee.*

2